IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHONY L. MCKEEVER<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC., PEPSICO, INC., JOHN DOE COMPANY and JOHN DOE,<br><br>Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION<br>) NO.<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

Please take notice that the Defendants hereby consent to and do so remove this case from the STATE Court of the State of Georgia, County of COBB, to the United States District Court in the Northern District of Georgia, Atlanta Division. This removal is based upon the following grounds:

1.

Upon information and belief, Plaintiff Anthony McKeever ("McKeever") is a resident of Georgia.

2.

The Defendants are citizens of a state <u>other than</u> Georgia. The citizenship of the Defendants are as follows:

a. PepsiCo, Inc. ("PepsiCo"), an improper party to these proceedings, is now and was at the time of the commencement of this action a corporation incorporated under the laws of the State of North Carolina with its principle place of business in the State of New York.

b. Publix Super Markets, Inc. ("Publix") is now and was at the time of the commencement of this action a corporation incorporated under the laws of the State of Florida with its principle place of business in the State of Florida.

3.

The remaining Defendants consist of parties who have been sued under the fictitious names, "John Doe Company" and "John Doe." These Defendants' citizenship do not matter for purposes of diversity jurisdiction. Pursuant to 28 U.S.C. § 1441 (b)(1), "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title [28 USCS], the citizenship of defendants sued under fictitious names shall be disregarded."

4.

Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." Here, Plaintiffs and Defendant are citizens of different states and the amount in controversy is greater than $75,000.

5.

With respect to the amount in controversy, the Supreme Court has held that a Defendant need only set forth a "short and plain" statement to be entitled to removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014). Evidentiary submissions are not required. *Id.* "Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* (quoting the House Judiciary Committee). Here, it is clear from the Plaintiff's Complaint that the alleged amount in controversy exceeds $75,000.00. Plaintiff alleges claims for "personal injuries," "mental and physical pain and suffering," "emotional distress," "past and future medical expenses," "past and future lost wages," "costs and expenses," and alleges current medical expenses in the amount of $57,000.00. [Compl. para. 17, 21, 25, and Wherefore Clause].

5.

Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendants are attached hereto as the following: Summons, Complaint, Case Information Form (**Exhibit A**); Service of Process - PepsiCo (**Exhibit B**); Service of Process – Publix (**Exhibit C**); Plaintiff's First Requests for Admissions, Interrogatories, and First Requests for Production of Documents – PepsiCo; (**Exhibit D**); Plaintiff's First Requests for Admissions, Interrogatories, and First Requests for Production of Documents – Publix; (**Exhibit E**); Answer – State Court – PepsiCo (**Exhibit F**); Notice of Filing Notice of Removal (**Exhibit G**); and Publix Answer (**Exhibit H**).

6.

Defendants reserve the right to amend or supplement this Notice of Removal.

7.

Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice to the Plaintiffs and filing a copy of this Notice with the clerk of the STATE Court of COBB County.

8.

Defendants request a trial by jury on all issues appropriate for jury determination.

WHEREFORE, Defendants remove this action filed against it in the STATE Court of the State of Georgia, in and for the County of COBB, to this honorable Court.

This 12th day of JANUARY, 2022.

WEATHERBY LAW FIRM, PC

/s/Alex D. Weatherby
Alex D. Weatherby
Georgia Bar No. 819975
F. Robert Slotkin
Georgia Bar No. 653001
750 Piedmont Avenue NE
Atlanta, GA 30308
404-793-0026
404-793-0106 (fax)
*Attorneys for PepsiCo*

/s/Gene Major
Gene Major
Georgia Bar No. 466650
Fain Major & Brennan, PC
One Premier Plaza
5605 Glenridge Drive NE
Suite 900
Atlanta, Ga 30342
[signed with express permission by ADW]
*Attorneys for Publix*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY L. MCKEEVER | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. |
| | ) | |
| PUBLIX SUPER MARKETS, INC., PEPSICO, INC., JOHN DOE COMPANY and JOHN DOE, | ) ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this date served a copy of the within and foregoing NOTICE OF REMOVAL upon opposing counsel in this matter by placing a copy in the U.S. Mail addressed to:

| Scott S. Cohen<br>Allison T. Newell<br>Cohen & Sinowski<br>30 Trammell St. SW<br>Marietta GA 30064 | Gene Major<br>Fain Major & Brennan, PC<br>One Premier Plaza<br>5605 Glenridge Drive NE Suite 900<br>Atlanta, Ga 30342 |
|---|---|

This 12th day of JANUARY, 2022.

WEATHERBY LAW FIRM, PC

/s/Alex D. Weatherby
Alex D. Weatherby
Georgia Bar No. 819975
F. Robert Slotkin

[6]

                                                                                           Georgia Bar No. 653001

750 Piedmont Avenue NE  
Atlanta, GA 30308  
404-793-0026  
404-793-0106 (fax)

[7]